OPINION
Patrick Driscoll is appealing the judgment of the City of Fairborn Municipal Court which awarded him $150 on his claim rather than the $3000 which he sought.
In approximately June of 1999, Mr. Driscoll brought his blue truck containing a 318 engine to Performance Clinic, Inc. (hereinafter "Clinic") to have a 360 engine installed. According to Mr. Driscoll, he informed Mr. Middleton, the owner of the Clinic, at that time that he wanted to keep the 318 engine, which was currently in the blue truck, to use on a vehicle he was restoring himself. Mr. Middleton testified that he had no recollection of any such conversation and none of his records represented that any such conversation occurred. When Mr. Driscoll picked up his blue truck with the 360 engine later that month, he did not mention the 318 engine.
Subsequently, Mr. Driscoll and the Clinic became involved in litigation against each other regarding payment for changing the engine on Mr. Driscoll's truck from a 318 to a 360. On April 3, 2000, the court filed a judgment entry resolving the litigation. In May of 2000, Mr. Driscoll returned to the Clinic and asked to collect his 318 engine, explaining that he had not sought to collect it before due to the litigation between the parties. At this point Mr. Driscoll learned that the 318 engine no longer existed and that parts from the 318 engine had been used to create the 360 engine which the Clinic installed in his truck in June of 1999. Mr. Driscoll subsequently brought a small claims suit to recover the value of his 318 engine which he asserted had been improperly destroyed.
At trial, Mr. Driscoll explained that he was restoring a brown truck which had the same serial number as the 318 engine which was removed by the Clinic and destroyed. Mr. Driscoll testified that the restored brown truck with the 318 engine with the same serial number would be worth approximately $15,000, but with a 318 engine of a different serial number the restored brown truck would be worth only $5,500. Mr. Middleton testified that he had no knowledge of whether this value was accurate, however he did state and Mr. Driscoll conceded that a 318 engine could be obtained locally for approximately one hundred to two hundred dollars. The magistrate issued a decision finding the Clinic improperly destroyed the engine and awarding $150 to Mr. Driscoll for the lost value of the engine, stating that without an expert to place a value on the engine, she had no knowledge of what the engine was worth. Mr. Driscoll filed objections to the magistrate's decision with the Fairborn Municipal Court. The municipal court overruled his objections and he filed this appeal.
Mr. Driscoll argues that the municipal court erred in calculating the damages for the destruction of his 318 engine as $150. We disagree.
An appellate court is limited to determining whether a lower court judgment was against the manifest weight of the evidence when deciding whether to reverse a lower court judgment. Seasons Coal Co., Inc. v. City of Cleveland (1984), 10 Ohio St.3d 77, 79. An appellate court cannot reverse the judgment of the trial court if competent, credible evidence exists to support the trial court's findings of fact and conclusions of law. Id. An appellate court should not substitute its judgment for that of the trier of fact when determining the credibility of witnesses unless it is apparent from the record that the factfinder lost her way. State v. Bradley (Oct. 24, 1997), Champaign App. No. 97-CA-03, unreported.
Mr. Driscoll argues that the evidence presented to the magistrate was sufficient to demonstrate that the price of a 318 engine was far in excess of the $150 he was awarded and thus the ruling was against the manifest weight of the evidence. At the hearing before the magistrate, Mr. Driscoll testified that the loss on the resale value of the restored brown truck by having an engine with a different serial number was $9,500. However, Mr. Driscoll had no documentation or expert testimony as to these figures. Before the magistrate, Mr. Driscoll commented on Mr. Middleton's testimony that a 318 engine could be obtained at a junkyard for between a hundred and two hundred dollars, stating "[t]he engine he's talking about that you can walk into any [junkyard] door and ask them for one, they'll sell you one for a hundred, hundred and a half, something like that, is not in question." (Tr. 12). Further, when the magistrate was rendering her opinion, Mr. Driscoll stated, "[a]nybody can buy any 318 engine for a hundred and a half." (Tr. 16). Thus, both parties conceded that a 318 engine could be purchased at a junkyard for approximately $150. If Mr. Driscoll had expert evidence that with a 318 engine with a matching serial number, he could have sold his restored brown truck for approximately $9,500 more than with a 318 engine with a different serial number, he needed to present that to the magistrate at the time of the trial.
Although Mr. Driscoll argues that the $3,600 that he paid for the 360 engine to be installed should have been the value he was awarded since his 318 engine was comparable, no testimony was presented to the magistrate that the engines were comparable or that the value of the 318 engine was $3,600. Also, in his appellate brief, Mr. Driscoll argues that he would have to pay an extra $600 to repair a junkyard 318 engine, which he could buy with the $150 award, to restore it to the condition of the destroyed 318 engine. However, this evidence was not presented at the trial to the magistrate and thus we cannot consider this new evidence on appeal.
Therefore, we find that clear, credible evidence was presented in both Mr. Middleton and Mr. Driscoll's testimony that the value of a 318 engine was $150 dollars. Thus, we cannot say that the finding of the trial court was against the manifest weight of the evidence. Mr. Driscoll's assignment of error is without merit and overruled.
The judgment of the trial court is affirmed.
WOLFF, P.J. and FAIN, J., concur.